## Pittsburg, Appellant, v. Newell.

*Road law—Assessment of benefits—Evidence—Cross-examination.*

1. In a proceeding to assess benefits for the widening of a street,
counsel for a property owner attempted on cross-examination of two
witnesses offered by the city, to develop the fact that the property in
question, so far as benefits might accrue to the owner of the fee, was
burdened with an outstanding lease for a term of years. This was ob-
jected to as immaterial, irrelevant and not cross-examination. As to
the one witness, the offer was withdrawn, and the question not pressed.
As to the second witness objection was made that the proposed question
was hypothetical, not based on facts and evidence, and the trial judge
ruled it out. *Held*, that the matters complained of did not, under the
circumstances, constitute reversible error.

*Trial—Offer of evidence—Pressing offer—Good faith.*

2. Where counsel on one side in making an offer called upon counsel
of the other side to try the case according to the facts, the judgment will

not be reversed on the ground that the remarks tended to prejudice the minds of the jury, where the court below in its opinion refusing a new trial, stated that the contention was pressed in good faith by counsel, and finally ruled out.

Argued Oct. 27, 1908.   Appeal, No. 124, Oct. T., 1908, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1903, No. 941, on verdict for plaintiff in case of City of Pittsburg v. John Newell.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Appeal from award of jury of view.   Before BROWN, P. J.

At the trial on the cross-examination of Edward C. Burkhart, one of plaintiff's witnesses, the following question was asked:

Mr. Ferguson: "Q. Do you happen to know that Mr. Newell had not the possession of that property at the time that—

Objected to.

The Court: That is not material; we are dealing with the property.

Mr. Ferguson: I propose to ask this witness that assuming that on June 26, 1901—

The Court: We cannot assume something until it is in evidence.   You may assume one thing or another.   If you gentlemen will agree that there was a lease at that date, then it would be fair to put it to the witness, assuming that there was a lease outstanding at the time. · But that is not in evidence yet.

Mr. Ferguson: "Q. Assuming that at the time this ordinance went into effect there was an outstanding lease on these premises under which the lessees were in possession, running for nine years and nine months from July 1, 1901; that that lease was still in force when this ordinance was passed; that under that lease Mr. Newell had no right to the possession or to disturb the possession.   Would you say that Mr. Newell on January 28, 1903, was benefited $50,000 in the market in your opinion?"

Objected to as not cross-examination and as incompetent and irrelevant, the question at issue being the market value of the property before and after this improvement.

The Court: Should you not in connection with the offer show the witness the lease?

Mr. Ferguson: "Q. I show you paper marked exhibit No. 2, being a lease, as you will see, by which Mr. Newell leased to C. F. Kirschler and C. H. Toocker, partners as Kirschler and Toocker."

Objected to as incompetent and not cross-examination.

The Court: It is cross-examination. The witness' estimate is based upon the entire property in the possession of Mr. Newell. Now it is admitted that at that time there was an outstanding leasehold from Mr. Newell to someone in possession for a term of years. It seems to me it is proper cross-examination. It may be the witness would reduce his estimate if the property was incumbered to a certain extent.

Mr. Ferguson: I will withdraw the offer if you do not want to try the case according to the facts.

On the cross-examination of A. F. Leggate, one of the plaintiff's witnesses, the following question was asked:

Mr. Ferguson: "Q. Of course, if the seller could not give possession of the property at the time that it was offered in the market, and if it was subject to a lease, that would have a considerable effect upon the market value, wouldn't it?

Objected to as not cross-examination and as immaterial and incompetent.

The Court: When you come to put in your case you can bring that out.

Mr. Ferguson: I will warn the gentlemen on the other side that I will object to his rebuttal if we go on.      .

The Court: I think the question is competent, but all I can see is it might make some difference, and that it would depend upon the nature of the lease. The objection overruled and bill sealed for plaintiff.

(Question read to witness.)

"A. Depends altogether upon the merits of the lease what he was paying.

Mr. Ferguson: "Q. I will show you a paper marked exhibit No. 2, being the lease of the premises in question here, made by John Newell to C. F. Kirschler and F. H. Toocker, part-

ners as Kirschler and Toocker, for this Hotel Newell property—"

Counsel for plaintiff object to this method of proving a lease.

Mr. Ferguson: "Q. For the term of nine years and nine months from July 1, 1901—"

Counsel for plaintiff object to the question in the form in which it is put.

"Q. First, I will ask you if you don't know as a matter of fact that Mr. Newell was not occupying these premises himself at the time this alley was widened?"

Objected to as immaterial.

The Court: There was an objection that the lease has not been properly proven. You can stand the witness aside and put Mr. Newell on the stand.

Mr. Ferguson: I propose to ask the witness what would be his opinion as to the market value of the property in question if it was incumbered with a lease running for nine years and nine months from July 1, 1901, in force at the time of the ordinance and never revoked.

Objected to as being a hypothetical question, not based upon any facts in evidence in this case.

Objection sustained and bill sealed for defendant.

Mr. Ferguson: I desire to give notice to the city of Pittsburg that such a lease was outstanding, and call upon them to prove their case according to the facts now.

Verdict and judgment for the city of Pittsburg for $13,000. City of Pittsburg appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*Lee C. Beatty*, with him *W. B. Rodgers* and *A. M. Thompson*, for appellant.

*John S. Ferguson*, with him *William Hunter*, for appellee.

OPINION BY MR. JUSTICE ELKIN, January 11, 1909:

The issue in this case as originally framed made Newell plain-

tiff, and the city of Pittsburg, defendant, but the record was subsequently amended so as to reverse the order of the parties, which fact seems to have been overlooked in the preparation of the paper-books.  This is a proceeding under the act of 1891 for the assessment of benefits upon the property of appellee alleged to have been benefited by the widening of Virgin Alley. The case was tried in the usual way by the introduction of witnesses with expert knowledge of real estate values, and the record does not disclose any material departure from the settled rules of evidence permissible in such cases.  The assignments of error relate to an attempt made by learned counsel for appellee on cross-examination of two witnesses offered by the city, to develop the fact that the property in question, so far as benefits might accrue to the owner of the fee, was burdened with an outstanding lease for a term of years.  This was objected to as immaterial, irrelevant and not cross-examination.  As to the witness Burkhart, the offer was withdrawn and the question not pressed.  As to Leggate, objection was made that the proposed question was hypothetical, not based on facts in evidence, and the learned trial judge ruled it out.  Certainly under these circumstances, the matters complained of do not constitute reversible error, nor does anything appear in this record to justify the application of the rule that where irrelevant testimony is willfully offered, or inflammatory remarks are made, for the purpose of unfairly prejudicing the minds of jurors, it is cause for reversal.  The remarks of counsel for appellee complained of called upon counsel for appellant to try the case according to the facts.  At most, it was only counsel's expression of the views of the law as it should apply to the facts of this particular case, and the court below in its opinion refusing a new trial has stated that the contention was pressed in good faith by counsel and finally ruled out.  This assignment is without merit.

Judgment affirmed.